THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARROLL GEE, JR., Defendant-Appellant.

Fourth District    No. 4—94—0031

Opinion filed November 30, 1995.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant, Carroll Gee, Jr., was convicted after a jury trial in

the circuit court of McLean County of two counts of violating an order of protection. He was sentenced to 90 days' incarceration on each count to be served consecutively. He appeals his conviction on count II, claiming he was not proved guilty beyond a reasonable doubt. We affirm.

Kathleen Gee, defendant's ex-wife, obtained an order of protection prohibiting defendant from harassing her and from coming to her place of employment. The period of time covered by the order was from April 16, 1992, until April 16, 1994.

On February 6, 1993, Kathleen returned to her residence to find a message waiting for her on her telephone answering machine. She identified the voice as that of defendant and the message left was for her to "stay the hell out of my business, and that's a threat. Leave the girls alone and me both. Leave us alone. You're going to find much more trouble than you can bargain for." Kathleen had not had any recent contact with defendant prior to the message and she did not know what he was referring to on the tape.

Kathleen further testified defendant came to the temporary employment agency where she worked as a receptionist on February 8, 1993. Defendant asked for an employment application and Kathleen got a co-worker to handle the application procedures with defendant. On February 19, 1993, defendant returned to the employment agency. Kathleen saw defendant approaching and went into the back offices to get the owner to deal with defendant. Barb Hale, Kathleen's employer and owner of the employment agency, came into the reception area and asked defendant to leave. After stating he was there only to talk with Kathleen about a typewriter, an item in their dissolution settlement, defendant left.

Krystal Gee, defendant's 13-year-old daughter, testified that in April of an undetermined year she was approached by a police officer while in a park near her home. The officer gave her court papers for her father. She continued playing and never gave the papers to her father. In rebuttal, Glen Wagner, a McLean County deputy sheriff, testified he served defendant personally with the order of protection at issue in this case on April 21, 1992. He was acquainted with defendant and the man upon whom he served the papers identified himself as defendant.

Faced with this evidence, defendant argues the State failed to prove him guilty beyond a reasonable doubt of going to Kathleen's workplace on February 19, 1993. Defendant maintains the prosecution witnesses place him no farther within Kathleen's place of employment than the doorway, he engaged in a conversation about a typewriter, and left quickly without creating a disturbance. He

argues his conduct on February 19 involved no intent to harass or disturb Kathleen or anyone else at her place of employment. Defendant notes no witness stated he was loud, obnoxious or threatening during the incident.

■ ■ When determining whether a defendant's guilt has been proved beyond a reasonable doubt, the relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Eyler* (1989), 133 Ill. 2d 173, 191, 549 N.E.2d 268, 276.) A person commits a violation of an order of protection if he:

> "(1) Commits an act which was prohibited by a court or fails to commit an act which was ordered by a court in violation of a remedy in a valid order of protection authorized under paragraphs (1), (2), (3), or (14) of subsection (b) of Section 214 of the Illinois Domestic Violence Act of 1986, or any other remedy when the act constitutes a crime against the protected parties as the term protected parties is defined in Section 112A—4 of the Code of Criminal Procedure of 1963.

> (2) Such violation occurs after the offender has been served notice of the contents of the order, pursuant to the Illinois Domestic Violence Act, or otherwise has acquired knowledge of the contents of the order." 720 ILCS 5/12—30(a)(1), (a)(2) (West Supp. 1993).

■ The order of protection specifically prohibited defendant from entering or remaining at Kathleen's place of employment. It does not specify how far into the place of employment he must be nor does it require a certain intent on his part.

Deputy Wagner testified he personally served defendant with the order of protection. Krystal testified she was served with what she thought was the order of protection but did not give it to her father. The finder of fact must judge the credibility of the witnesses. (*Eyler*, 133 Ill. 2d at 191, 549 N.E.2d at 276.) Krystal's testimony was unclear as she could not identify the order of protection as the court paper which she received. She stated defendant received many court papers. Krystal further testified she lived with defendant, her father, loved him very much and wanted nothing bad to happen to him, and she seldom had contact with her mother, Kathleen. Thus, Krystal's testimony may have been viewed as not credible by the fact finder due to bias.

Defendant was served with the order of protection. He knew he was not to set foot on the premises of Kathleen's place of employment. Despite the clarity of that order, defendant not only came to her place of employment, he did so on *two* occasions. The purpose of

the order of protection is to keep defendant away from his ex-wife. For defendant to suggest his violation of the order should not be treated as a crime simply because he did not cause a scene or harass Kathleen shows the defendant still does not understand. Neither victims nor courts need tolerate *any* violation of an order of protection. It is no defense he did not cause a scene while there nor harass Kathleen. His motive for being there is irrelevant. The fact he may have only been in the doorway or one or two steps into the room is not important. He entered Kathleen's place of employment, an act prohibited by the order of protection. A violation of the order of protection was proved beyond a reasonable doubt.

The decision of the McLean County circuit court is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.