No. 2--04--1000

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court 

OF ILLINOIS,       )   of Jo Daviess County.

     )

Plaintiff-Appellant,     ) 

 )

v. ) No. 04--CM--12

 ) 

 ) 

MATTHEW J. KARBERG, ) Honorable

 ) William A. Kelly,

Defendant-Appellee.   )   Judge, Presiding.

______________________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Matthew Karberg, was charged by information with harassment by telephone (720 ILCS 135/1--1(2) (West 2002)).  On the defendant's oral motion, the trial court dismissed the information, based on the fact that the telephone book distributed in the area did not contain the statutorily required warning against placing harassing phone calls.  The State appeals from this dismissal.   We reverse.   

On January 13, 2004, the defendant was charged by information with telephone harassment (720 ILCS 135/1--1(2) (West 2002)
) for allegedly placing a telephone call to Michelle Mayo, at her place of business in Galena, Illinois, with the intent to threaten or harass her.  A bench trial was scheduled to take place on September 10, 2004.  On that date, before the trial began, the defendant made an oral motion to dismiss the information, arguing that the Galena area phone book did not contain the warning required by the Harassing and Obscene Communications Act (720 ILCS 135/1--1 (West 2002))
.  After determining that the phone book did not have the requisite warning, the trial court dismissed the information.  The State filed its certificate of impairment and notice of appeal.   The State's sole argument on appeal is that the trial court erred in dismissing the information.

Before addressing the State's contention,
 we note that the defendant has failed to file an appellee brief.   However, the State's brief and the record are sufficient to resolve the issue appealed and, thus, we will consider the merits of the appeal. 
 See 
People v. Schmidt
, 286 Ill. App. 3d 322, 323 (1997).

Resolution of the State's contention is dependent upon the proper interpretation of section 1--1 of the Harassing and Obscene Communications Act.  
In interpreting the meaning of a statute, our primary concern is to ascertain and give effect to the true intent of the legislature.  
Paris v. Feder
, 179 Ill. 2d 173, 177 (1997).  The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning.  
People v. Hanna
, 207 Ill. 2d 486, 497-98 (2003).  The statute should be evaluated as a whole, with each provision construed in connection with every other section.  
Abrahamson v. Department of Professional Regulation
, 153 Ill. 2d 76, 91 (1992).  W
e may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims.  
People v. Pullen
, 192 Ill. 2d 36, 42 (2000).  Also, we must assume that the legislature did not intend an 
absurd
 or unjust result.  
Pullen
, 192 Ill. 2d at  42. 

With these rules in mind, section 1--1 of the Harassing and Obscene Communications Act provides as follows:

"Harassment by telephone.  Harassment by telephone is use of telephone communication for any of the following purposes:

(1) Making any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy or indecent with an intent to offend; or 

(2) Making a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number; or

(3) Making or causing the telephone of another repeatedly to ring, with the intent to harass any person at the called number; or 

(4) Making repeated telephone calls, during which conversation ensues, solely to harass any person at the called number; or 

(4.1) Making a telephone call or knowingly inducing a person to make a telephone call for the purpose of harassing another person who is under 13 years of age, regardless of whether the person under 13 years of age consents to the harassment, if the defendant is at least 16 years of age at the time of the commission of the offense; or 

(5) Knowingly permitting any telephone under one's control to be used for any of the purposes mentioned herein.

Every telephone directory published for distribution to members of the general public shall contain a notice setting forth a summary of the provisions of this Section.  Such notice shall be printed in type which is no smaller than any other type on the same page and shall be preceded by the word 'WARNING'.  All telephone companies in this State shall cooperate with law enforcement agencies in using their facilities and personnel to detect and prevent violations of this Act."  720 ILCS 135/1--1 (West 2002).

        The defendant herein was charged under subsection 1--1(2) of the Harassing and Obscene Communications Act.  A plain reading of this subsection provides that a person commits the offense of telephone harassment 
when he or she (1) makes a telephone call and (2) places the call with the intent to abuse, threaten, or harass a person at the called number.  See 720 ILCS 135/1--1(2) (West 2002).
  In a separate subsection, the statute sets out a requirement that telephone directories contain a warning.  Clearly, however, this requirement is not an element of the offense.  

A crime generally consists of two parts: an 
actus
 
reus
, or a guilty act, and a 
mens
 
rea
, or a guilty mind.  
People v. Stiles
, 334 Ill. App. 3d 953, 956 (2002); 
People v. Mandic
, 325 Ill. App. 3d 544, 547 (2001).  
The 
actus
 
reus
 of the instant offense is the placing of the telephone call.  The 
mens
 
rea
 of the instant offense is the intent to abuse, threaten, or harass.  The requirement that publishers of telephone directories include a warning in the phone books relates to neither
 the 
actus
 
reus
 nor the 
mens
 
rea
 of the offense.  Because the requirement that publishers put a warning in their telephone directories is not an element of the crime, the presence of the warning need not be proven for an individual to be found guilty of making a harassing phone call.  

To construe the statute otherwise would produce an absurd result.  When the legislature enacted the Harassing and Obscene Communications Act, it perceived a problem with individuals using telephones and other electronic means to harass others.  The legislature sought to eliminate this evil by criminalizing the act of placing a telephone call with the intent to abuse, threaten, or harass.  See 
People v. Jones
, 334 Ill. App. 3d 420, 423 (2002).  To allow individuals to make these types of phone calls in instances where private publishing companies issue telephone directories without the requisite warning would defeat the legislature's purpose and result in injustice.   

Even if a telephone directory fails to contain the requisite warning, individuals are still charged with knowing and abiding by the law.  It is a time-honored maxim that ignorance of the law is not a defense.  This principle was articulated by Supreme Court Justice Peckam
:

"We 
 know of no case where mere ignorance of the law, standing alone, constitutes

any excuse or defense against its enforcement.  It would be impossible to administer the law if ignorance of its provisions were a defense thereto."  
Utermehle 
v. Norment
, 197 U.S. 40, 55, 49 L. Ed. 655, 661, 25 S. Ct. 291, 296 (1905).

In sum, the trial court erred in dismissing the information.  Our decision today in no way exempts publishers of telephone directories from complying with the statute.  We simply hold that a publisher's failure to adhere to the statute does not exempt an individual from prosecution for the offense of telephone harassment. 

On a final note, we point out that the defendant's motion to dismiss did not comply with section 114--1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114--1 (West 2002)) in that it was not in writing.  Section 114--1(a) provides that "[u]pon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds."  725 ILCS 5/114--1(a) (West 2002).  Clearly, it is preferable for a motion to dismiss an indictment, information, or complaint to be brought in writing.  Litigants' and trial courts' compliance with this section will facilitate review of any issues raised on appeal.  

For the foregoing reasons, the judgment of the circuit court of Jo Daviess County is reversed.

Reversed.

McLAREN and KAPALA, JJ., concur.