THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RICHARD GRISWALD, Defendant-Appellee.

Fourth District   No. 4—82—0447

Opinion filed January 4, 1983.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant was charged by information with two counts of conspiracy to commit armed robbery, two counts of solicitation to commit armed robbery, eight counts of unlawful use of weapons, and two counts of armed violence based upon conspiracy to commit armed robbery. From discovery material in the record, we learn that defendant, a high school student, with several of his friends planned to put plastic explosives inside the Public Safety Building in Danville, Illinois. The apparent purpose was to create a diversion and then rob two banks. He had allegedly obtained several shotguns which he had sawed off to use as weapons in robbing the banks.

Prior to trial, defendant moved to dismiss the two counts of armed violence, contending that those counts should be dismissed because conspiracy is not a proper predicate for armed violence. The trial judge agreed, holding that the legislature could not have intended that armed violence be predicated upon a conspiracy. The State now appeals. We reverse and remand.

The trial court erred, in holding as a matter of law, that an armed violence charge can never be founded upon a conspiracy. The trial judge was premature in dismissing the armed violence counts because, as yet, there has been no evidence as to whether the defendant was actually armed with a dangerous weapon during the course of the conspiracy.

The armed violence statute (Ill. Rev. Stat. 1979, ch. 38, par. 33(A)—2) provides:

> "Armed violence - Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law."

Prior to a 1978 amendment of the armed violence statute, the statute was expressly limited in application to 13 named felonies. Prior to the amendment, armed violence could not have been based upon a conspiracy. In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, the supreme court held that the legislature clearly intended to extend the number of circumstances in which the presence of a weapon is prohib-

ited. Additionally, the court in *Haron* held that the armed violence statute may properly be predicated upon nonviolent felonies and does not require the utilization of a weapon to facilitate the predicate offense. Rather, the court noted that the mere fact that a person while committing a felony carries on or about his person or is otherwise armed with a dangerous weapon is sufficient to come within the language of the statue. Furthermore, it has already been held that armed violence counts may be predicated upon mere attempts. (*People v. Stokes* (1981), 95 Ill. App. 3d 62, 419 N.E.2d 1181; *People v. Rudd* (1980), 90 Ill. App. 3d 22, 412 N.E.2d 982.) As the language of the armed violence statute clearly provides that a person commits armed violence "when, while armed with a dangerous weapon, he commits *any felony* defined by Illinois Law" (emphasis added) (Ill. Rev. Stat. 1979, par. 38, ch. 33(A)−2), we conclude that the trial court erred in holding that as a matter of law armed violence could not be predicated upon a conspiracy.

We share the trial court's concern that a strict reading of the statute could lead to bizarre and absurd results. Would a police officer who testifies as a State's witness while wearing his uniform and side arm and who is later found to have committed perjury be also guilty of armed violence? Would an individual who signs a public aid affidavit required under penalty of perjury, while having a pocket knife in his pocket, be subject to an armed violence charge? Would a defendant, returning from a hunting expedition with his shotgun in his auto, who is involved in an automobile accident and is charged with reckless homicide be also guilty of armed violence? Under a strict and literal reading of the statute as it now exists, the answer apparently would be yes. There is no end to the list of hypotheticals which could be posed which would result in such absurd consequences. Despite our concerns, this court can determine the validity of a statute or ordinance only in the light of the factual background presented by the record in the instant case. (*Village of Itasca v. Luehring* (1954), 4 Ill. 2d 426, 123 N.E.2d 312.) The invalidity of a section of a statute or ordinance may not be invoked by one who is not affected by such invalidity.

Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded.

TRAPP and MILLER, JJ., concur.