2020 IL App (2d) 190615-U
No. 2-19-0615
Order filed March 20, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| JEREMIAH D. FINNESTAD, Individually and as an Agent of SEWARD TOWNSHIP, a Body Politic Incorporate, | Appeal from the Circuit Court of Kendall County. |
| Defendants/Counter-Plaintiffs-Appellants. | |
| v. | |
| DEBRA A. SCHLAPPI, | No. 2015 L 18 |
| Counter-Defendant-Appellee. | |
| (GARY E. SCHLAPPI, DEBRA A. SCHLAPPI, Husband and Wife; MYKAYLA E. SCHLAPPI, ABBYGALE M. SCHLAPPI, by and through their Parents and Guardians GARY E. SCHLAPPI and DEBRA A. SCHLAPPI; and KELSEY LONGFELLOW, by and through her Father and Guardian, SCOTT LONGFELLOW, Plaintiffs.) | Honorable Timothy McCann Stephen Krentz Judges, Presiding. |

JUSTICE Brennan delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The trial court did not abuse its discretion when it only granted the Township defendants' motion for a good faith settlement in part when there was insufficient evidence that a counter-defendant's liability was extinguished as part of that

settlement agreement. The trial court also properly granted the counter-defendant's motion to dismiss all the claims when there was evidence that counter-defendant settled her case with all plaintiffs and the Township defendants had already been granted a finding of good faith for their settlement with all the plaintiffs.

¶ 2    Appellants Jeremiah Finnestad (Finnestad) and Seward Township (Township) (collectively, the Township defendants) appeal from two orders of the trial court: (1) an order granting in part the Township defendants' motion for a good faith finding of settlement; and (2) an order granting a motion filed by appellee Debra Schlappi (Debra) for a dismissal of all matters. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On December 14, 2013, a motor vehicle accident occurred between Debra and Finnestad, who was operating a snowplow on behalf of the Township. Debra's husband Gary and their two children, MyKayla and Abbygale, were passengers in the car, as well as Kelsey Longfellow, a friend of one of Debra's daughters (collectively, plaintiffs). As a result of that occurrence, Debra, Gary, MyKayla and Abbygale Schlappi (Schlappi plaintiffs) filed a lawsuit against the Township defendants in Grundy County, which was subsequently transferred to Kendall County. The Schlappi plaintiffs' second amended complaint alleged that on December 14, 2013, around 9:00 a.m., they were traveling in Debra's 2002 Ford Expedition in an easterly direction on Illinois Route 52 at the intersection of Illinois Route 52 and Brisbin Road in Kendall County when Finnestad, driving a Seward Township 2006 International Harvester Straight truck, negligently failed to yield the right of way when entering onto Illinois Route 52 from Brisbin Road and drove directly into the path of Debra's vehicle. The Township defendants filed a counterclaim for contribution against Debra.

¶ 5 Thereafter, Longfellow, by and through her own attorney, filed a direct action against the Township defendants and Debra. The Township defendants filed a counterclaim for contribution against Debra in all the plaintiffs' actions.

¶ 6 On November 27, 2018, the parties participated in a pretrial conference with Judge Timothy McCann in judge's chambers. At the end of the conference the Township defendants agreed to pay the limits of their policy, three million dollars, to settle the plaintiffs' claims. All plaintiffs accepted the settlement offer. After the conference Judge McCann entered the following order:

> "Matter coming for Pretrial, the court being duly advised in the premises,
>
> It is ordered:
>
> Matter having been largely resolved in principle between plaintiffs and Township Defendants, and the Township Defendants' third-party claim for contribution to remain pending, this matter is continued for status to 12-28-18 at 9:00 a.m."

¶ 7 The next day, the Township defendants filed a motion for a good faith finding as to their settlement offer, contending in part that the settlement offer encompassed all the claims against Debra.

¶ 8 On December 20, 2018, all the plaintiffs executed releases for the settlement agreement. The releases of the Schlappi plaintiffs extinguished the Township defendants and Debra from all liability. However, although Longfellow signed a release extinguishing the Township defendants from liability, Debra's name as a defendant was stricken out. Gary, Debra, Abbygale and MyKayla agreed to apportion the settlement as follows: $50,000 each to MyKayla and Abbygale; $75,000 to Debra; $2,075,000 to Gary; and $750,000 to Longfellow.

¶ 9    On December 21, 2018, Debra, as counter-defendant, filed a response in opposition to the Township defendant's motion for a good faith finding.  In her response Debra alleged that for the past three years her attorneys had been actively negotiating a direct settlement with the plaintiffs' attorneys, whom she said had been reluctant to settle the claims for tactical reasons.  Regarding the pretrial conference, Debra alleged that while her attorney (as counter-defendant) was present at the conference, none of the other attorneys had approached him for the purpose of presenting a demand or requesting an offer.  Debra further alleged that the day after the pretrial conference her attorney reached a settlement with plaintiffs' attorneys on all the outstanding claims not encompassed in the November 27, 2018, settlement agreement.  The negotiated settlements were in the amounts of $5000 each for Gary and Longfellow and $2500 each for MyKayla and Abbygale[1].  Debra alleged that her settlement with the plaintiffs was based upon good faith negotiations that required years to reach, several tens of thousands of dollars of defense costs, and multiple personal meetings between the attorneys and the parties.  For these reasons, Debra argued that the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 2018)) (Tortfeasor Act) and public policy served as a bar to any contribution claim the Township defendants had against her.  Accordingly, Debra requested that the trial court allow the various settlements between all the parties to stand, and to strike and dismiss all contribution claims consistent with the various settlement agreements.

¶ 10    On January 17, 2019, a hearing was held on the Township defendants' motion for a good faith finding in front of Judge McCann.  At the hearing the Township defendants informed the

---

[1] Although Debra contends that she settled claims with her family members, there is no evidence in the record that her family ever brought a suit against her.

court that the only issue at that point in the proceeding was their counterclaim against Debra. The court then said:

> "THE COURT: Okay. So, let me make sure I understand then, and I'm restating the obvious.
>
> So plaintiffs, Gary Schlappi, Debra Schlappi as a plaintiff, MyKayla Schlappi, and Abbygale Schlappi have then agreed to a resolution of the case for this stated amount of the $3 million that was discussed at the pretrial conference, and all issues relating to that portion of the case are then resolved; is that correct?
>
> MR. CASSIAN [Longfellow's counsel]: Did you mean to say Longfellows as well?
>
> THE COURT: Longfellows as well. I'm sorry. I mean to, yes, Kelsey Longfellow. So essentially, you're out of it, correct?"

¶ 11     Longfellow's attorney said that there was an issue as to whether a settlement offer was reached at the end of the November 27, 2018, pretrial conference that included Debra as a defendant. He said that he never agreed to extinguish Debra's liability in the settlement agreement.

¶ 12     The Township defendants countered that at the pretrial conference they offered $3 million on behalf of both themselves and Debra. Further, on the next day he sent out releases memorializing the understanding that all the plaintiffs were going to release Debra as well as the Township defendants, all of whom signed the releases.[2] He then filed a motion for a good faith finding, contending that the Township defendants' contribution claim against Debra was preserved. Thus, he claimed that Mr. Bayer, the attorney who represented Debra as counter-

---

[2] We note that the releases were not signed by the plaintiffs until December 20, 2018, weeks after each of the purported settlement agreements.

defendant, had no "standing" to settle the Longfellow claim after the pretrial conference because the Township defendants had extinguished Debra's liability in the settlement agreement.

¶ 13    The Schlappi-plaintiffs' attorney then weighed in, arguing that on November 27, 2018, Debra (as plaintiff), Gary, MyKayla and Abbygale came to the pretrial conference where a $3 million global offer was offered to his clients and Longfellow. That offer was contingent upon the Schlappi plaintiffs and Longfellow deciding on how to divide the offer. The issue of how to divide the award took around 30 days to complete. In the meantime, while Debra was still a party defendant, her counsel had the right to offer a settlement on behalf of his client. He did that, and the plaintiffs accepted her offer. When the Township defendants filed a motion for a good faith settlement, it was the Schlappi plaintiffs' counsel's understanding that they were only filing it on behalf of themselves, and not Debra.

¶ 14    The trial court asked the Township defendants' counsel if he represented Debra in any capacity, and he acknowledged that he did not. He asserted, however, "[t]he Illinois Joint Tortfeasor Contribution Act clearly says, in order for me to preserve my counterclaim, I must extinguish the liability of all defendants. And that's what we did at the pretrial, Judge."

¶ 15    The court asked the Schlappi-plaintiffs' attorney if he agreed with the Township defendants that they said in the pretrial conference that the $3 million settlement was on behalf of themselves and Debra. He replied "no" and said, "I think, I personally think that it was kind of a sneaky, underhanded kind of a way to ensure that their counterclaim might proceed."

¶ 16    Debra's counter-defendant counsel then said that when he came into the case it was to represent Debra as a third-party defendant because the Township defendants were suing her. He had tried to settle this case for years but was unable to do so. Debra's policy limit was only $50,000. He said that at the pretrial, Debra's name was never mentioned when the $3 million

settlement offer was made. Regarding the releases, Debra's counter-defendant counsel noted that he was not present when Debra signed the release.

¶ 17    After all the parties had made their arguments the trial court granted the Township defendants' motion in part. In doing so, the court said:

> "So, I've had lots of opportunities prior to today to review, as I've said, the various pleadings that were filed. I have thought about this matter somewhat extensively. I've listened to everyone's arguments.
>
> And I think one of the ways that trial judges survive is by dealing with what's actually on their plate any given day and try not to over drive my headlights or over ski my ski, whatever analogy you want to use.
>
> What I'm willing to find today, and what I'm going to find today, is I'm going to enter an order approving a good faith finding as to the Township and Finnestad only.
>
> I believe that the settlement reached between Jeremiah Finnestad, Seward Township and the named plaintiffs was made in good faith as a result of good and extensive, fairly lengthy, and somewhat contentious pretrial, which is usually the result of a good pretrial
>
> So, I'm going to make that my finding.
>
> Where that leaves everyone else, where the chips fall after that, I guess I'll deal with it as a future day with future pleadings."

¶ 18    Debra's attorney then made an oral motion for a dismissal as to all matters since all parties had successfully negotiated settlements between themselves. The court continued the matter to March 6, 2019, for a status.

¶ 19    On March 5, 2019, Debra filed a written motion for entry of a dismissal order as to all matters. In that motion Debra argued that all the parties had settled all the remaining issues. On April 1, 2019, Debra filed a supplemental motion for an entry of a dismissal order. In the motion she argued that it had been more than 30 days since the trial court had granted in part the Township defendants' motion for a good faith finding and they had not moved to reconsider that order or taken an appeal from it. Debra said that she was the only remaining defendant, and she had made a good faith settlement with the various plaintiffs, and she did not need to file a motion for a good faith finding with the court. Therefore, Debra requested that the court enter an order dismissing all the parties.

¶ 20    On May 10, 2019, the Township defendants filed a response to Debra's motion for a dismissal order. In their motion they contended that since Debra, Gary, Abbygale and McKayla had signed releases explicitly extinguishing Debra's liability as a direct defendant, their counterclaim against Debra was still valid.

¶ 21    On June 13, 2019, Judge Stephen Krentz informed the parties that he had been assigned to this case because Judge McCann had been reassigned. Judge Krentz then held a hearing on Debra's original and supplemental motions for a dismissal order.

¶ 22    At the hearing Debra's counter-defendant counsel argued that the January 17, 2019, order did not contain or allow the counterclaim for contribution to continue. The Township defendants' counsel replied that that order did not dismiss the counterclaim, so it was preserved. He argued that settlement offers were made, and Debra and her family signed the releases that specifically extinguished all of Debra's liability as a counter-defendant. The following colloquy then occurred:

"MR. NOFAL [Township defendants' counsel]: On that same date, the November 27, 2018 order, we specifically identified that the contribution claim shall remain pending

pursuant to the understanding of the parties, that the 3 million was on behalf of the defendants, direct defendants and counter-defendant who had releases drafted that specifically extinguished the liability of Debra Schlappi. We are releasing Finnestad, Seward Township and Debra Schlappi.

In the second paragraph, we are preserving the claim for contribution. This agreement cannot be used to say that the claim of contribution is hereby extinguished. So, we have—

THE COURT: The case law is pretty clear, isn't it counsel, if there is a global settlement, the court is not bound by the written release. The court can enforce the oral settlement to dismiss an entire case based upon a settlement struck at a pretrial conference notwithstanding the existence of a signed release.

MR NOFAL: No, I understand, but we have a valid claim for contribution that's documented in this release, Judge. Because we had to release Debra Schlappi's liability in order to preserve our claim."

¶ 23    At the close of arguments Judge Krentz made the following ruling:

"I think the answer to the controversy lies in a number of things. Of primary importance to me in researching its conclusion will be two things, November 27th order specifically states that the third-party claim for contribution will remain pending.

That language is noticeably absent from the January 17, 2019 order. And I'm finding that the January 17th order specifically defined the defendants as Finnestad and Seward Township; [it] does not reference the Schlappis.

I am going to find, based upon that, and the record as it exists before me, without the advantage of being at the pretrial conference, that Judge McCann's good faith finding applied to the direct defendants only, Finnestad and the Township."

¶ 24    The Township defendants timely appealed.

¶ 25                                    II. ANALYSIS

¶ 26    On appeal, the Township defendants argue that the trial court made two errors below that mandate reversal here: (1) Judge McCann erred in only granting in part their motion for a good faith finding of settlement and a request for a finding of common liability in support of their contribution action; and (2) Judge Krentz erred in granting Debra's motion for a dismissal of all claims.  Before reaching the merits of these arguments, however, we address the proper standard of review.

¶ 27                              A. Standard of Review

¶ 28    It is well settled law in Illinois that a trial court's decision on a motion for a good faith settlement under the Tortfeasor Act is reviewed under an abuse of discretion standard.  *Cellini v. Village of Gurnee*, 403 Ill. App. 3d 26, 35 (2010).  "An abuse of discretion occurs only where the trial court's decision is arbitrary, fanciful, or unreasonable or where the ruling constitutes an error of law."  *People v. Nelson*, 2019 IL App (2d) 161097, ¶ 11.  Thus, we will apply an abuse of discretion standard to the issue of whether the trial court erred in granting partial relief to the Township defendants in their motion for a good faith settlement offer and request for a finding of common liability.  Further, since determining whether a case can be dismissed because all the claims in it have been settled requires factual findings, we will likewise review the dismissal order under an abuse of discretion standard.  *Oak Run Property Owners Association, Inc. v. Basta*, 2019 IL App (2d) 180687, ¶ 50 (factual determinations are reviewed for an abuse of discretion).

¶ 29                    B. Order Partially Granting Motion for A Good Faith Finding

¶ 30    The Township defendants first argue that the trial court's order only partially granting their motion for a good faith finding of settlement violated the Tortfeasor Act and the current caselaw interpreting that Act.   Specifically, they contend that Judge McCann erred in finding that no additional request for relief was "on [his] plate."   That ruling failed to address whether there was a good faith settlement that included Debra, extinguishing Debra's liability such that the Township defendants could pursue a contribution action against her.   In that the trial court refused to acknowledge or make any ruling on the remainder of their requested relief, the Township defendants contend that their objections to the trial court's refusal preserved their argument that their contribution action remained pending.

¶ 31    The Tortfeasor Act seeks to promote two important public policies: encouraging settlements and ensuring the equitable apportionment of damages between tortfeasors. *Johnson v. United Airlines*, 203 Ill. 2d 121, 133 (2003).

¶ 32    Section 100/2(c) of the Tortfeasor Act provides:

> "When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." 740 ILCS 100/2(c) (West 2018).

¶ 33    Section 2(d) of the Tortfeasor Act provides that the tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.  740 ILCS 100/2(d) (West 2018).

¶ 34    Additionally, section 100/2(e) of the Tortfeasor Act provides:

> "A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement."  740 ILCS 100/2(e) (West 2018).

¶ 35    The Tortfeasor Act does not define the term "good faith," and courts consider the totality of the circumstances surrounding a purported settlement to determine whether it was made in good faith.  *In re Guardianship of Babb*, 162 Ill. 2d 153, 161 (1994).  Our supreme court has identified two factors that should be considered when considering the totality of such circumstances: (1) whether the agreement is consistent with the terms of the Contribution Act; and (2) whether the agreement is consistent with the policies underlying the Contribution Act.  *Id*. at 170.  This totality of the circumstances analysis allows trial courts to give effect to the strong public policy favoring the peaceful settlement of claims while at the same time allowing them to be on guard for any type of evidence of collusion, unfair dealing or wrongful conduct by the settling parties.  *Id*. at 162.

¶ 36    The Township defendants argue that their understanding of the scope of the settlement is consistent with the terms and policies of the Tortfeasor Act.  Specifically, they claim that they made a good faith offer of $3 million to all plaintiffs on behalf of themselves and Debra as counter-defendant, the Schlappi plaintiffs all accepted that offer, and they signed releases to that effect.  The $3 million offer, they argue, is proof that the settlement was supported by consideration and therefore *prima facie* evidence of a good faith settlement.  They also argue that the facts and

evidence favor a showing of mutual and concurrent promises that were exchanged by the parties and are sufficient to establish consideration for a good faith settlement. They claim that their intent was also memorialized in Judge McCann's November 27th order and reiterated within their releases. Finally, the Township defendants contend that as a result of the trial court's improper ruling, they have been irreparably harmed and denied their right to contribution upon which their settlement was based.

¶ 37    We initially note that for the first time at oral argument, the Township defendants argued that they were not seeking contribution from Debra for the Longfellow settlement. When asked about this at argument, counsel suggested that he stated this on page 10 of his opening brief. However, on that page counsel only noted that Longfellow signed a release for $750,000, and in a footnote added that Longfellow's release did not extinguish Debra's liability. While the above-cited language is at best ambiguous as to the Longfellow contribution question, what is not ambiguous is the position taken by the Township defendants in the trial court.

¶ 38    In his motion for a good faith finding, the Township defendants, represented by the same counsel as on appeal, specifically listed Longfellow as a plaintiff and claimed:

> "Defendants, JEREMIAH D. FINNESTAD, and SEWARD TOWNSHIP have entered into a settlement agreement with *the Plaintiffs*. In exchange for a complete dismissal with prejudice, Defendants, JEREMIAH D. FINNESTAD, and SEWWARD TOWNSHP have agreed to pay three million dollars and zero cents ($3,000,000.00). The settlement is made on behalf of JEREMIAH FINNESTAD, SEWARD TOWNHIP, *and Debra Schlappi*." (Emphasis added.)

In that motion counsel did not distinguish between the settlement agreement reached with Longfellow as opposed to the other plaintiffs. Further, in the January 17, 2019, hearing before

Judge McCann, which took place several weeks after the releases were signed, Township defendants' counsel told the court that Mr. Bayer, the attorney who represented Debra as counter-defendant, had no "standing" to settle the Longfellow claim after the pretrial conference because the Township defendants had extinguished Debra's liability in the settlement agreement. For these reasons, we find disingenuous Township defendants' position at oral argument.

¶ 39 Nevertheless, it is immaterial whether the Township defendants sought contribution from Debra on all the plaintiffs' claims or on only the Schlappi plaintiffs' claims because we are not otherwise persuaded by Township defendants' argument. The question at hand is not whether the Township defendants' proffered version of the settlement agreement was consistent with the terms of the Tortfeasor Act. Rather, we must determine whether the trial court abused its discretion when, in determining the scope of the settlement, it limited its good faith finding to the settlement between all the plaintiffs and the Township defendants.

¶ 40 Initially, we disagree with the Township defendants that the trial court only partially ruled on its motion for a good faith finding. A common sense reading of Judge McCann's good faith ruling shows that he only found good faith as to the Township defendants and plaintiffs because there was no settlement, and thus no good faith to be found, regarding all the plaintiffs' claims against Debra. Judge McCann did not intend that the Township defendants' good faith arguments concerning Debra as defendant were essentially held in abeyance for a "future day." What he said was "[w]here that leaves everyone else, where the chips fall after that, I guess I'll deal with it as a future day with future pleadings." Judge McCann was correctly noting that after granting the Township defendants' good faith motion in part, there was nothing else before him to rule upon. As to the propriety of Judge McCann's ruling, we disagree that the releases demonstrate that the parties intended to allow the Township defendants to prosecute the contribution claim against

Debra. Such a finding is belied where Longfellow's release strikes through Debra's name as a released defendant. And that this was no scrivener's error is buttressed by the settlement reached shortly after the settlement conference between not only the Longfellows and Debra, but also between Debra and the other members of her family.

¶ 41    Nor do we find the November 27, 2018, order preserving the Township defendants' third-party claim for contribution to be proof that the parties all agreed to extinguish the Township defendants and Debra's liability at the pretrial conference. Apart from Township defendants' counsel, all the other lawyers who participated in the November 27, 2018 settlement conference, *i.e.*, the Schlappi plaintiffs' counsel, the Longfellow plaintiffs' counsel and Debra's counter-defendant counsel, were specific in their recollection that the settlement agreement did not encompass or extinguish Debra's liability. And it was only after they all related as much to Judge McCann at the good faith hearing, that he limited his good faith finding to the only settlement that was reached, that between the Township defendants and the plaintiffs. The order following the settlement conference stating that the Township defendants' contribution claim remained pending meant no more and no less—and certainly cannot be interpreted as extinguishing Debra's liability vis-à-vis the plaintiffs.

¶ 42    Ultimately, Judge McCann was able to rely upon his own recollection, as well as the recollection of the attorneys, in determining that the settlement offer did not extinguish Debra's liability as a direct defendant. Judge McCann heard the Schlappi-plaintiffs' attorney specifically say that he thought the Township defendants' efforts to include Debra in its offer was "a sneaky, underhanded kind of way to ensure that their counterclaim might proceed." He further indicated that he never agreed that the Township defendants' settlement would include Debra as a defendant. Judge McCann also heard Debra's counter-defendant counsel say that he never heard Debra's

name mentioned in the pretrial settlement conference in connection to the $3 million settlement offer from the Township defendants.

¶ 43    For all these reasons, we find that Judge McCann did not abuse his discretion when he ruled that there was only a good faith settlement agreement for $3 million between plaintiffs and the Township defendants.

¶ 44                    C. Order Granting Dismissal of All Claims

¶ 45    The Township defendants next argue that Judge Krentz erred when he granted Debra's motion for a dismissal of all claims on June 13, 2019.  In support they assert that all the tortfeasors were released in good faith and thus their contribution claim against Debra was preserved.  Within this argument the Township defendants raise three sub-issues: (1) the November 27, 2018, and the January 17, 2019, court orders combine to preserve their contribution claim; (2) Debra's alleged settlement agreement was not entered in good faith pursuant to the Tortfeasor Act; and (3) Debra waived her opportunity to object to the settlement.  We will address these claims separately.

¶ 46                    1. Preservation of the Contribution Claim

¶ 47     First, the Township defendants note that the preservation language in the November 27, 2018, order was never modified or withdrawn on the record, and Judge McCann did not choose to rule on the contribution claim during the January 17, 2019, hearing.  Also, their objections to the ultimate ruling on January 17, 2019, were specifically included in the trial court's order, and the court's and counsel's arguments were specifically adopted and incorporated within the January 17, 2019, order.  From these facts, Township defendants urge us to conclude that their contribution claims against Debra are preserved.

¶ 48     We reject these arguments.  The January 17, 2019, order is clear that, over the Township defendants' objections, the court found that a good faith settlement for $3 million was obtained

only between all plaintiffs and the Township defendants. Also, we agree with Judge Krentz that it is significant that the language in the November 27, 2018, order preserving the third-party contribution claim was absent from the January 17, 2019, order, *and* the latter order specifically designated Township defendants and not Debra as the only released defendants. For these reasons, we find that the contribution claim was not preserved in the January 17, 2019, order.

¶ 49                         2. Debra's Settlement Agreement

¶ 50    Next, the Township defendants claim that Judge Krentz improperly granted Debra's motion for a dismissal because her direct settlements with the remaining plaintiffs were not made in good faith and thus cannot serve as a basis for the dismissal of their contribution claim. In essence, they assert that Debra had no standing to settle with plaintiffs since her liability was previously extinguished by their offer and the signed release. Also, they note the record is devoid of any good faith request or finding, or any releases evidencing Debra's settlement. Thus, the trial court erred by considering Debra's claims of settlement.

¶ 51    Clearly, allowing a party to enter into a subsequent settlement agreement after it consents to and approves a contrary court-ordered settlement would contravene public policy by allowing the parties to change their minds whenever they pleased. *In re Marriage of Lorton*, 203 Ill. App. 3d 823, 826 (1990). This concern, however, does not arise here because, as we have previously found, Debra's liability was not extinguished as part of the settlement agreement between the Township defendants and plaintiffs. As the sole remaining defendant then, Debra was free to settle her case and had no obligation to present the trial court with a motion for a good faith finding related to her settlement. Indeed, such an obligation would be inconsistent with the Tortfeasor Act and, to the extent that Township defendants have presented no authority in this regard, the

argument is otherwise forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (arguments shall contain the contentions of the appellant and the reasons therefor, with citation to legal authority).

¶ 52    Finally, the Township defendants have forfeited their argument that there was no evidence of a settlement agreement between Debra and plaintiffs. If the Township defendants raised this issue below, they have not pointed to where in the record they did so, and we will not search the record for such information. If the lack of citation is based upon their failure to raise this claim below, we note that an issue raised for the first time on appeal is forfeited. *Helping Others Maintain Environmental Standards v. A.J. Bros.*, 406 Ill. App. 3d 669, 695 (2010) (generally, a party who does not raise an issue in the trial court forfeits the issue and may not raise it for the first time on appeal). Forfeiture aside, we note that Debra's counsel represented to the court on June 13, 2019, that Debra had a settlement offer in place with "contracts signed and a request for a dismissal order."

¶ 53                              3. Debra's Alleged Waiver

¶ 54    Finally, Township defendants claim that Debra waived her opportunity to object to their good faith settlement offer. They note that Debra was present in court during the November 27, 2018, pretrial conference, both personally and through her counter-defendant attorney. Counsel made no indication of any objection to the settlement offer and agreed to the entry of the November 27, 2018, order that expressly stated that the contribution action was preserved. Also, Debra signed a release memorializing the settlement.

¶ 55    We again reject the argument that all plaintiffs and Debra as defendant agreed to a $3 million settlement offer that extinguished Township defendants and Debra's liability. Since we have found that no such settlement agreement existed, Debra could not have failed to object to its existence. Accordingly, this issue is without merit.

¶ 56                                III. CONCLUSION

¶ 57    In sum, Judge McCann did not abuse his discretion when he only granted the Township defendants partial relief on their motion for a good faith finding of settlement based upon his recollection of the settlement conference and the arguments of counsel in the January 17, 2019, hearing.  Further, Judge Krentz properly granted Debra's motion for a dismissal of all the claims in this case when there was evidence that all the claims had been settled between all the parties.

¶ 58    Accordingly, the judgment of the circuit court of Kendall County is affirmed.

¶ 59    Affirmed.