**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190493-U

Order filed July 14, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0493 Circuit No. 18-CF-652 |
| IVORY WADE, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The court did not err when it denied defendant's motion to withdraw guilty plea.

¶ 2       Defendant, Ivory Wade, appeals from his conviction for unlawful possession of a stolen

motor vehicle.  Defendant argues the Peoria County circuit court erred when it denied his motion

to withdraw guilty plea.  We affirm.

¶ 3                                              I. BACKGROUND

¶ 4    The State charged defendant by indictment with one count of aggravated unlawful possession of stolen vehicles (625 ILCS 5/4-103.2(a)(1) (West 2018)), and three counts of unlawful possession of a stolen motor vehicle (*id.* § 4-103(a)(1)).

¶ 5    During the pretrial proceedings, defendant filed a motion to reduce bond. Shortly after defendant's motion, the State filed a pretrial services bond report. The report included defendant's criminal history. On March 22, 2007, a Wisconsin court sentenced defendant to three years' imprisonment for the felony offense of robbery with the threat of force. The court denied defendant's motion to reduce bond.

¶ 6    On February 7, 2019, defendant entered a fully negotiated guilty plea to one of the unlawful possession of a stolen motor vehicle charges. In exchange for his plea, the State dismissed the remaining charges and recommended a sentence of eight years' imprisonment.

¶ 7    Defendant told the court that he had discussed the plea with defense counsel, and he was satisfied with counsel's representation. The court admonished defendant that the offense was a Class 2 felony punishable by a sentence of 3 to 14 years' imprisonment "because it is extendible." Defendant said that no one had made any promises to him, and he was entering the plea of his own volition. Defense counsel waived preparation of a presentence investigation report.

¶ 8    The State reported that defendant had a prior conviction for

> "Robbery with threat of force, a felony, Class E. The maximum punishment is up to 15 years in prison in 2007, in which he served three years in the Wisconsin Department of Corrections. A 2011 conviction for battery, which is a Class I felony, a maximum sentence of 3.5 years. He served three years in the Department of Corrections there in 2011 ***."

The court accepted the plea agreement and imposed the recommended sentence.

¶ 9 Less than 30 days later, defendant filed a motion to withdraw guilty plea. The motion contended that defendant did not understand the plea agreement and had erroneously agreed to the imposition of an inapplicable extended-term sentence. The court denied defendant's motion. Defendant appeals.

¶ 10 II. ANALYSIS

¶ 11 Defendant argues the court erred in denying his motion to withdraw guilty plea because defendant could not be subject to an extended-term sentence where the record included insufficient evidence of his prior felony conviction to justify the imposition of an extended term. We find the court did not err as the record includes evidence of defendant's prior felony conviction that warranted the imposition of the extended-term sentence that the parties had agreed to.

¶ 12 A defendant does not have an absolute right to withdraw his guilty plea. *People v. Williams*, 2019 IL App (3d) 160412, ¶ 19. A defendant bears the burden to demonstrate to the circuit court the necessity of withdrawing his plea. *Id.* A defendant may withdraw a plea only where (1) he pled guilty due to a misapprehension of the facts or the law, (2) there is doubt as to the defendant's guilt, (3) he has a meritorious defense, or (4) the ends of justice will be best served by submitting the case to a jury. *Id.* (citing *People v. Davis*, 145 Ill. 2d 240, 244 (1991)). We review the circuit court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *Id.* "An abuse of discretion occurs only where the trial court's decision is arbitrary, fanciful, or unreasonable or where the ruling constitutes an error of law." *People v. Nelson*, 2019 IL App (2d) 161097, ¶ 11.

¶ 13 In his motion to withdraw guilty plea, defendant argued the court unlawfully imposed an extended-term sentence because his prior felony conviction was more than 12 years old. Defendant pled guilty to unlawful possession of a stolen motor vehicle, a Class 2 felony (625 ILCS 5/4-103(b) (West 2018)) with a sentence range of three to seven years' imprisonment (730 ILCS

3

5/5-4.5-35(a) (West 2018)). Due to defendant's prior felony conviction, the State notified the court that defendant was subject to an extended-term sentence of 7 to 14 years' imprisonment. *Id.* §§ 5-4.5-35(a), 5-8-2(a), 5-5-3.2(b)(1). To impose an extended-term sentence, the court needed to find in aggravation that defendant had "previously [been] convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody." *Id.* § 5-5-3.2(b)(1).

¶ 14    During the plea hearing, the State cited in support of the parties agreed extended-term sentence of 8 years' imprisonment that defendant had a prior conviction for "[r]obbery with threat of force, a felony, Class E. The maximum punishment is up to 15 years in prison in 2007 ***." See Wis. Stat. § 939.50(3)(e) (West 2018). Defendant's Wisconsin Class E felony was a greater class felony than the Illinois Class 2 felony conviction at issue because it carried a longer prison sentence. See *People v. Bailey*, 2015 IL App (3d) 130287, ¶ 15 (Illinois courts look to the applicable sentence range to determine if an out-of-state felony is the same or greater class of felony). The pretrial services bond report confirmed that defendant was sentenced to three years' imprisonment for this offense on March 22, 2007. For purposes of the prior felony conviction calculation, we exclude the three years that defendant spent in custody. 730 ILCS 5/5-5-3.2(b)(1) (West 2018). This provided a start date of March 22, 2010. In this case, the court imposed defendant's conviction on February 7, 2019. Therefore, the record established that the court entered defendant's present conviction less than 10 years after his Wisconsin felony conviction. See *People v. Robinson*, 91 Ill. App. 3d 1128, 1130 (1981) (the prior felony conviction calculation runs from the date the sentence was imposed on the first offense to the date of the sentencing order on the second offense). As a result of this aggravating factor, the court properly imposed an

4

extended-term sentence, and this did not provide a reason for defendant to withdraw his guilty plea.

¶ 15                                      III. CONCLUSION

¶ 16          The judgment of the circuit court of Peoria County is affirmed.

¶ 17          Affirmed.